S. H. Fowler and T. G. Hyman were partners, trading under the firm name of Carolina Credit Company. Hyman died testate on 7 February, 1931, and his widow, Mrs. Harriet L. Hyman, qualified as executrix. After the death of Hyman, Fowler, as surviving partner, undertook to wind up the partnership. On 13 February, 1932, Fowler and the executrix of Hyman entered into a written agreement to the effect that upon payment and delivery to the respective parties of all goods and property allotted to him "each of said parties shall release and discharge the other from liability on account of said partnership, saving and excepting the amount of commissions to be allowed by the court to said Fowler for his services as surviving partner in settling said partnership estate, and as to such commissions it is agreed that whereas, said Fowler claims and has retained out of the assets of said partnership estate the sum of $2,400 for commissions, and said executrix contends that said Fowler is not entitled to so much. It is agreed that said Fowler for his services in settling said partnership estate shall receive such commissions as may be allowed by the court, not to exceed the amount prescribed by law," etc. The clerk of the Superior Court found the facts substantially as above stated, and also found the amount of receipts and disbursements for various purposes, and allowed Fowler the sum of $1,327.78 as commissions. *Page 410 
Mrs. Hyman filed exceptions to the findings of the clerk and appealed to the judge of the Superior Court. The pertinent part of the judgment is as follows: "It is now considered by the court and ordered and adjudged that said exceptions be and the same hereby are sustained except as herein provided; that said S. H. Fowler, surviving partner, for his services in settling said partnership estate, shall receive, and hereby he is allowed the sum of $223.91 as commissions, to be paid out of the share of the deceased partner," etc.
From the foregoing judgment Fowler appealed.
It was expressly agreed between the parties that the commissions to be allowed Fowler, the surviving partner, for services should be determined by the court, it being stated in the contract that Fowler "shall receive such commissions as may be allowed by the court, not to exceed the amount prescribed by law." Upon appeal from the clerk the trial judge allowed the commissions specified in the judgment. No evidence is contained in the record, and there are no findings of fact made by the trial judge. Hence, there is nothing to indicate that the judgment was based upon a false or erroneous theory of law. The burden is upon the appellant to show error.
Affirmed.